I call the next case, Connie Wheeler v. Workers' Compensation Comm'n, 411-0480. Counsel, please. May it please the Court, Counsel, I'm Chuck Edmondson, representing the petitioner in this case, or the plaintiff, Connie Wheeler. The issue here is the Commission's finding regarding causal relationship between my client's left shoulder rotator cuff tear and surgery and her work activities for the respondent, or for the employer, Excel. Causal relationship is considered to be a factual issue under the manifest weight standard at this level of appeal. I understand it's a difficult standard and I accept that, but I think there's also a substantial legal issue here, and my argument rests primarily upon the legal issue of whether the Commission gave proper legal effect to the prior 19B decision in this case. There was a 19B proceeding in December of 2005. At that time, the arbitrator found, based upon the testimony of the orthopedic surgeon who treated my client, that she had rotator cuff tear in her right shoulder and impingement syndrome in her left shoulder. Two months prior to that hearing, the surgeon had diagnosed her with impingement syndrome in both shoulders. He changed his diagnosis on the right shoulder to rotator cuff tear after an MRI about a month prior to the 19B decision. He changed his diagnosis on the left shoulder to rotator cuff tear about three weeks after the 19B decision. The arbitrator relied upon Dr. Ludwig's testimony that the claimant's job description described repetitive overhead work that would be very unusual for a 39-year-old person like my client to develop a rotator cuff tear without a history of repetitive work. What was her complained left shoulder injury at the time of the 19B? It was impingement, wasn't it? We were alleging, based upon the diagnosis at that time, that all of her diagnoses were causally related, and that was impingement syndrome. It was impingement syndrome. And Patel opined that she'd reached MMI before she developed rotator cuff tear, had he not, on the impingement? What Dr. Palletta testified to was that, well, I think his testimony really was that she had initially resolved the impingement syndrome, and then it worsened later. I think his sense of his argument is that it worsened later into a tear. I think he said she developed the tear. He said she developed that later. And what did Ludwig testify to at the 19B petition? Prior to the 19B petition, when we took Dr. Ludwig's deposition, he testified that the left tear had not been found yet. Yeah, it was an impingement. Left tear was never found until after the 19B. Right after, yes. So the 19B couldn't possibly be law of the case to the tear. It could be to the impingement, but not the tear. I think that's correct. So you haven't got a law of the case issue there? It's not a law of the case that the tear specifically was related to her work injury before that. But we do know that he found that the commission found that the law of the case of the impingement syndrome was related. Right, but you're appealing the defiant denial on the left rotator cuff tear, right? Right. So where's the evidence to support that? I think what the evidence shows is that basically it's the same condition, that the impingement syndrome that was diagnosed prior to the decision was actually a rotator cuff tear, and it was incompletely diagnosed at the time of the 19B decision. We were surmising that. Do you have any medical evidence to support that supposition? I think it's shown by the medical records, by the testimony of Dr. Ludwig, and the way he arrived at his diagnosis, and the same reasoning that he applied to the right shoulder would apply to the left shoulder. It seems to me that it's an inescapable conclusion that both of these conditions existed at the time of the 19B decision, that the arbitrated decision of the 19B decision, in effect, is finding that the rotator cuff tear on both shoulders is related because he did not differentiate. Dr. Pauletta's argument was basically that her condition changed between the time of her work at Excel until she developed the left rotator cuff tear. That same argument would have basically defeated the impingement syndrome as well, would have indicated that there was an aggravation of the condition prior to the 19B decision. That should have resulted in a different decision. That should have changed the decision of the impingement syndrome as well. Look, if a person has a left shoulder impingement, and then later, because of some other event, develops a left shoulder tear, rotator cuff tear, it doesn't mean that the two are related, does it? I mean, she went to work, she acted as a foreman on a crew, she cleaned out demolition debris. This is all after the 19B. And Pauletta notes that she had no documented complaints of shoulder pain prior to her leaving Excel's employ. No limitation on range of motion, strength in her shoulders, and when she treated with Ludwig in July and August of 2003, she did not have a rotator cuff tear. Oh, I think we know that the tear existed at the time of the 19B decision, because it was identified a few weeks later in an MRI. I think Pauletta says, and I think I'm quoting, strongly suggests that the development of a rotator cuff pathology occurred sometime in 2005. When was the 19B? It was in December of 2005. Well, my argument is that I believe that the evidence shows that the tear was there all along, that the complaints she had on both shoulders were essentially identical, and that the development of the, or the finding of the tear right after the 19B decision is not significant. In fact, it clearly was there at the time of that decision. The arbitrator's finding of a contingent center was basically finding that her diagnosis, that her condition of ill-being in the left shoulder that she had at the time of that hearing was causally related, and I think it's clear from the way the evidence developed that that condition of ill-being included a tear that should have been found. But there's no medical testimony that says that? There's no specific medical testimony. Okay. Right. Thank you. Counsel, please. Please support counsel. My name is Ken Bima. I represent the employer, Accel Corporation. I believe the arbitrator correctly found the issue of causation. Unanimous Illinois Workers' Compensation Commission correctly found on the issue of causation. The circuit court correctly found on the issue of causation. There's more than enough evidence to support the unanimous Illinois Workers' Compensation Commission's decision as it relates to causation of the left shoulder. If you analyze the medical records, chronologically, Ms. Wheeler left Accel Corporation's employ in March of 2003. She started working as a union laborer in July of 2003 and first sought medical treatment for her shoulders in July of 2003. If you look at Dr. Ludwig's medical records, it's clear that the left shoulder complaint was very minimally symptomatic throughout the treatment. If you look at his documentation in October 13th of 2003, he indicates the complaints were unchanged and not significantly symptomatic. He sees her again about a month later in November of 2003, better than six weeks ago, slowly resolving her problem. And I think it's significant to note that almost two years go by before she seeks any further treatment with Dr. Ludwig when he sees her in October of 2005. So we've got a two-year gap in medical treatment. And again, the concentration is on the right shoulder. What do you make of this argument that the diagnosis of impingement allows him to hang in there on the rotator cuff? There's no symmetry in medicine. It's a distinct diagnosis. Impingement, rotator cuff is a distinct diagnosis. If you look at Dr. Ludwig's deposition, he's clear. The right side has a rotator cuff tear. The left side has impingement syndrome. The focus during his deposition was all for the rotator cuff tear. There was no diagnosis made of a left rotator cuff tear during Dr. Ludwig's deposition. And obviously impingement is not tantamount to a rotator cuff tear. Exactly. And then in addition to the medical records, and most significantly, we've got the only doctor who addressed this issue, and that's Dr. Platt. And he looked at all the medical records and opined that you can't make that causal connection between the left rotator cuff tear, the surgery, and her work activities with Accel Corporation. I think there's more than sufficient evidence to support the unanimous commission's decision, and I ask that you affirm it. Thank you, Dr. Hall. Do we have any? For a particular matter under advisement for distancing, say, to the next case. We'll take a break. Take a break for a short period.